UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NABIL ISKANDER | ) | CASE NO. |
| 1456 Lauderdale | ) | |
| Lakewood, Ohio 44107 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| AMERICAN METAL COATINGS, INC. | ) | (Jury Demand Endorsed Herein) |
| c/o Statutory Agent 1932 Service Corp. | ) | |
| 1301 E 9TH St Ste 3500 | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Nabil Iskander, by and through undersigned counsel, and for his Complaint against American Metal Coatings, Inc. ("American Metal"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At times relevant herein, Defendant maintained its principal place of business in Cuyahoga County, Ohio.

7. At all times relevant herein, Defendant was a for profit corporation, organized and existing under the laws of the State of Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

12. Defendant is a manufacturing company that manufactures corrosive resistant finishes and plating.

13. Plaintiff Nabil Iskander was employed by Defendant as a Chemical/ Environmental Manager between 2003 and October 2015, and as a Waste Treatment Operator between October 2015 and February 2017.

14. In or around October 2015, Christina Brown was promoted to Waste Treatment Supervisor and became Plaintiff's supervisor, and Plaintiff was demoted to Waste Treatment Operator.

15. While employed by Defendant as a Waste Treatment Operator, Plaintiff's job duties were checking chemicals for the plating line; trouble-shooting issues on the plating line; adjusting equipment for purifying water; adding chemicals for the plating line and waste treatment systems; and cleaning and maintaining filter press and tanks.

16. Plaintiff did not manage two or more full-time employees while employed as an Operator, did not discipline employees, and set other employees' schedules.

17. Plaintiff did not have the ability to hire or fire employees, and did not make recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

18. Plaintiff was not involved in the hiring process and did not participate in potential employee interviews.

19. Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendant.

20. Plaintiff did not have the ability to exercise discretion and independent judgment with respect to matters of significance.

21. Defendant inappropriately classified Plaintiff as an exempt employee and paid him a salary wage.

22. Plaintiff regularly worked over 40 hours per week, but Defendant failed to pay him overtime compensation for the hours he worked over 40 each workweek.

23. During his employment with Defendant, Plaintiff estimates that he worked between 60-80 hours per workweek.

24. Defendant had knowledge that Plaintiff worked 60-80 hours per week and Plaintiff was scheduled to work a minimum of 60 hours per week.

25. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked over 40 each workweek.

### (Failure to Keep Accurate Records)

26. Defendant did not have a timekeeping system or timekeeping policies and procedures for its employees, and, as such, Defendant failed to make, keep, and preserve accurate records of all of the hours worked by Plaintiff.

27. As a result of Defendant's record-keeping practices, the overtime work performed by Plaintiff is unrecorded in Defendant's time and earnings records.

### (Defendant willfully violated the FLSA)

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COUNT ONE
### (Fair Labor Standards Act Overtime Violations)

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

31. Defendant's failure to keep accurate records of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 CFR § 516.2(a)(7).

32. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

33. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.


Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff
